UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CREDIT BROKERS, LLC | : | DOCKET NO. 6:14 CV 0572 |
| VS. | : | JUDGE DOHERTY |
| BRANDON HOWARD GUILBEAU | : | MAGISTRATE JUDGE HILL |

<u>MEMORANDUM RULING</u>

Pending before the undersigned is the Motion to Remand filed by plaintiff, Credit Brokers, LLC. [rec. doc.8]. By this Motion, plaintiffs seeks to remand this suit to the Rayne City Court. The removing defendant, Brandon Howard Guilbeau ("Guilbeau"), filed Opposition. [rec. doc. 11]. Oral argument was scheduled for May 28, 2014. However, because the undersigned was able to reach a decision based on the record before this Court, oral argument is unnecessary. For the following reasons, the Motion to Remand will be **GRANTED,** subject to the stay set forth in the accompanying order**,** and accordingly, this lawsuit will be remanded to state court.

<u>BACKGROUND</u>

On April 27, 2009, plaintiff filed suit against Guilbeau in the Rayne City Court seeking to recover $2,011.16, the balance due on a credit card issued under Guilbeau's name, plus interest and attorney's fees. Guilbeau was personally served with the lawsuit on June 25, 2009. [rec. doc. 1-7]. Guilbeau failed to file timely responsive pleadings and accordingly, on July 19, 2010, a default judgment was entered against him. [rec. doc. 1-

12].

Thereafter, Guilbeau apparently attempted, in vain, to vacate the Judgment entered against him, ultimately filing a pleading entitled "Motion and Rule to Show Cause for Change of Venue and Transfer to Federal Court" on September 25, 2013.[1] [rec. doc. 1-8, pg. 1-3].  In that pleading, Guilbeau asserted that the Judgment was invalid under the FDCPA, and that he was entitled to have the case transferred to federal court pursuant to and 15 U.S.C. §1692i(a)(2)(B), the venue provision for FDCPA actions, to seek relief under Rule 60(b) of the Federal Rules of Civil Procedure. In his prayer for relief, Guilbeau conclusorily alleged that in addition to transfer, he was seeking "damages, penalties and costs", presumably under the FDCAPA. [*Id*.].  The court apparently dismissed the Motion for lack of jurisdiction.[ *See* rec. doc. 1-10, pg. 1].

Guilbeau additionally apparently filed a reconventional demand on January 7, 2014 in which the Court assumes he alleged FDCPA violations.[2] [*See* rec. 1-10, pg. 1].  The plaintiff responded on March 6, 2014, filing a Motion to Strike and alternative Exceptions based on non-conformity of the petition, prescription and *res judicata*. [rec. doc. 1-10].

On March 18, 2014, Guilbeau filed a Notice of Removal in this Court, alleging federal question jurisdiction under the Fair Debt Collection Practices Act, ("FDCPA"), as

---

[1]Guilbeau apparently filed a Motion to Annul Judgment which was originally granted, but thereafter vacated. [*See* rec. doc. 1-10, pg. 1].

[2]The record is unclear as to whether Guilbeau filed a separate pleading asserting his reconventional demand, or whether the reconventional demand was merely those allegations set forth by Guilbeau in his September 25, 2013 Motion to Change Venue and Transfer discussed above.

the basis for removal. [rec. doc. 1].

On April 14, 2014, plaintiff filed the instant Motion to Remand, asserting that the removal was untimely.  Guilbeau opposes the Motion, arguing that a transfer of venue to this Court was proper pursuant to 15 U.S.C. §1692i(a)(2)(B), the venue provision for FDCA actions, and that he is entitled to relief under Rule 60(b) FRCP.  Guilbeau does not address the timeliness of removal.

Pursuant to this court's standing Orders, the Motion has been referred to the undersigned Magistrate Judge for disposition.

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction.  We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).  Thus, as the party invoking this court's jurisdiction, the removing defendant, Guilbeau, bears the burden of establishing federal subject matter jurisdiction.  Moreover, the removal statute is strictly construed, and doubts concerning removal are to be construed against removal and in favor of remand to state court.  *Louisiana v. Aspect Energy, LLC*, 2011 WL 3759754, *2 (W.D. La. 2011),  aff'd, 2011 WL 5238666 (W.D. La. 2011) *citing Shamrock Oil & Gas Corp. v.. Sheets*, 313 U.S. 100 (1941) and *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988) *citing Wilson v. Republic Iron & Steel Co.*, 257 U.S.

92 (1921); *Mumfrey v. Anco Insulations, Inc.,* 2011 WL 1527180, *4 (E.D. La. 2011)

*citing Manfunco v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The removal statute provides generally that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The procedure for removal from state to federal court is governed by 28 U.S.C. § 1446(b).  That statute requires a removal notice to "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."28 U.S.C. § 1446(b).

If an action is not initially removable, but later becomes removable, the third paragraph of § 1446(b) directs that, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

In this case, the record clearly demonstrates that Guilbeau was personally served with the plaintiff's petition on June 25, 2009.  The instant lawsuit was not removed, however,  until over three years later on March 18, 2014.  Accordingly, the instant removal was untimely.

Further, this case did not "become removable" by virtue of the filing of Guilbeau's

reconventional demand.[3]  However, even if this argument was valid, the removal was

nevertheless untimely.  The reconventional demand was filed by Guilbeau on September

25, 2013, or at the latest on January 7, 2014[4], and this case was not removed by Guilbeau

until March 18, 2014, well over thirty days later.

For these reasons, the undersigned finds that Guilbeau's Notice of Removal is

untimely, and this court must therefore remand this case to state court.

*Plaintiff's Request for Costs, Expenses and Attorney Fees*

Plaintiff also moves under 28 U.S.C. § 1447(c) for an award of costs, expenses and

attorney's fees against the removing defendant, Guilbeau, for improper removal of this

case.  This court has discretion to award costs and expenses, including attorney's fees,

incurred as a result of improper removal.  *Martin v. Franklin Capitol Corp.*, 546 U.S.

132, 126 S.Ct. 704, 709 (2005); *Allstate Insurance Company v. Ford Motor Company*,

955 F.Supp. 667, 670 (W.D. La. 1996).  "Absent unusual circumstances, courts may

award attorney's fees under § 1447(c) only where the removing party lacked an

---

[3]Determination of whether an action "arises under" the laws of the United States and accordingly is properly removed to federal court on the basis of federal question jurisdiction is made pursuant to the well-pleaded complaint rule. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998).  Under that doctrine, "federal jurisdiction exists only when a federal question is presented *on the face of the plaintiff's properly pleaded complaint*." *Id.* quoting *Caterpillar, Inc. v.. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (emphasis added).  The fact that federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *Gutierrez v. Flores*, 543 F.3d 248, 255 (5th Cir. 2008) *citing  Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 550 (5th Cir. 2008).

[4]*See* fn. 2, *supra.*

objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 126 S.Ct. at 711 *citing Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 541 (5th Cir. 2004) and *Valdes v. Walmart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000). Under the unusual legal and factual circumstances presented in this case, the undersigned cannot find that the removal in this case was objectively unreasonable. Accordingly, plaintiff's request for costs, expenses and attorney fees is denied.

## CONCLUSION

Based on the foregoing, the Motion to Remand will be **GRANTED,** subject to the stay set forth in the accompanying order**,** and this lawsuit will be remanded to state court. It is further ordered that plaintiff's request for costs, expenses and attorney's fees will be **DENIED.**

Signed this 16th day of May, 2014, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE